IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shemu Nasi El, *Settler for Samuel Tucker Collins, Jr.*, <br><br> Plaintiff, <br><br> v. <br><br> Corporate State of South Carolina; Clarendon County Government, *Corporate Subdivision*; Carl Matthew Evans, *Office of Clarendon County Treasurer*; Rebecca Massey, *Office of Clarendon County Register of Deeds*; David Epperson, *Office of County Administrator*; Mark Hammond, *Office of Secretary of State*, <br><br> Defendants. | Civil Action No. 2:22-cv-506-BHH <br><br> **ORDER** |

  This matter is before the Court upon Plaintiff's pro se complaint. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

  On April 11, 2022, The Magistrate Judge issued an order instructing Plaintiff how to bring his case into proper form by providing the items specified in the order, and explaining to Plaintiff certain material defects in his Complaint. Plaintiff filed a motion for a temporary restraining order/permanent injunction, and/or estoppel on April 15, 2022. Although Plaintiff did not provide all of the required proper form documents, he did file an amended complaint on May 6, 2022.

  On June 17, 2022, the Magistrate Judge issued a report and recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion for

temporary restraining order/permanent injunction, and/or estoppel. In addition, the Magistrate Judge's Report recommends that the Court dismiss Plaintiff's amended complaint without issuance and service of process.[1] Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's

---

[1] The Magistrate Judge's Report recommends dismissal without prejudice to the extent it is dismissed for lack of subject matter jurisdiction or for failure to provide the required proper form documents, and dismissal with prejudice to the extent it is dismissed for failure to state a claim. In the interest of fairness to Plaintiff, the Court dismisses this action without prejudice.

findings and analysis. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 20); denies Plaintiff's motion for a temporary restraining order/permanent injunction, and/or estoppel (ECF No. 15); and dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 19, 2021
Charleston, South Carolina